IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW ANDREW GARCES, | § | |
| *Plaintiff,* | § § § | SA-25-CV-00609-OLG |
| vs. | § § | |
| FRED BIERY, IN HIS INDIVIDUAL CAPACITY; JOHN DOE MARSHALS 1-2, INDIVIDUAL CAPACITIES; CHIEF U.S. MARSHAL, OFFICIAL CAPACITY; AND UNITED STATES MARSHALS SERVICE, OFFICIAL CAPACITY; | § § § § § § § | |
| *Defendants.* | § | |

**ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

Before the Court in the above-styled cause of action is Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and Complaint [#21], which was automatically referred to the undersigned upon filing for disposition and a review of the pleadings pursuant to 28 U.S.C. § 1915(e). Additionally, this case has been referred to the undersigned for all pretrial case management [#11]. The undersigned therefore has authority to enter this order and report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on his inability to afford court fees and costs associated with this case. Having considered the IFP motion and documentation provided by Plaintiff, the undersigned will recommend Plaintiff's motion to proceed IFP be granted but that his Complaint be dismissed pursuant to 28 U.S.C. §1915(e).

1

The undersigned notes that Plaintiff has filed a Petition for Writ of Mandamus with the Fifth Circuit in this case [#24, #25]. "Mandamus petitions request an extraordinary remedy that is only appropriate in exceptional circumstances." *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995). "Moreover, because such requests are only granted in exceptional circumstances, the Federal Rules of Civil Procedure do not provide for an automatic stay of district court proceedings while a petition for writ of mandamus is pending." *Id.* Plaintiff has not requested a stay of the proceedings in this case, and the undersigned does not find a stay is warranted at this time. The undersigned therefore proceeds with this recommendation.

### I. Analysis

**A.     Plaintiff's motion to proceed IFP should be granted.**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff does not have sufficient monthly resources available to pay the filing fee. The undersigned will therefore recommend that Plaintiff's motion to proceed IFP be granted.

**B.     Plaintiff's Complaint should be dismissed.**

Pursuant to 28 U.S.C. § 1915(e), this Court may screen any civil complaint filed by a party proceeding *in forma pauperis* to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

---

[1] The administrative fee, which is currently $55, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule, available at* http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

Plaintiff has filed an original proposed Complaint [#1], as well as several additional amended pleadings [#3, #7, #12, #16, #23]. Rule 15 of the Federal Rules of Civil Procedure only permits a plaintiff to amend his pleading once as a matter of course without seeking leave of court or the consent of all opposing parties. Fed. R. Civ. P. 15(a)(1), (2). Plaintiff sought neither prior to filing his amended pleadings. Accordingly, the Court will only consider his original Complaint [#1] and First Amended Complaint [#3] in evaluating the pleadings.

These two Complaints name as Defendants the United States Marshals Service, the Chief U.S. Marshal, John Doe Marshals 1 and 2, and United States District Judge Fred Biery. Plaintiff alleges that Defendants violated his constitutional rights and the Americans with Disabilities Act ("ADA") by barring him from entering the Clerk's Office and issuing a "Cease and Desist Order." The following causes of action are listed in Plaintiff's proposed pleadings: (1) First Amendment retaliation; (2) Due Process violation; (3) ADA violations; and (4) unlawful seizure in violation of the Fourth Amendment. By his suit, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of an order vacating Judge Biery's Cease and Desist Order, requiring the U.S. Marshals to comply with ADA policies regarding training and making accommodations for persons with disabilities, and recusing Judge Biery from presiding over any of Plaintiff's cases. Plaintiff's pleadings fail to state a claim, and the District Court should dismiss this case pursuant to 28 U.S.C. § 1915(e).

i. **First Amendment Retaliation**

Plaintiff asserts his First Amendment retaliation claim against Judge Biery and the unidentified U.S. Marshals pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff alleges that he suffered retaliation for the protected activity of filing a lawsuit in violation of the First Amendment after he had a "verbal altercation

with a U.S. District Court Operations Clerk." Plaintiff's First Amendment claim for damages against Defendants, who are federal employees, is not cognizable under *Bivens*.

In *Bivens*, the United States Supreme Court for the first time "recognized an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights," specifically, under the Fourth Amendment for an unreasonable search and seizure. *Butts v. Martin*, 877 F.3d 571, 587 (5th Cir. 2017) (internal quotation and citation omitted). The *Bivens* remedy, however, is not available for all constitutional violations. *Id.* In the decade after *Bivens*, the Supreme Court has only authorized an implied damages remedy against federal officers for constitutional violations two other times: for failure to provide adequate medical assistance to an inmate in violation of the Eighth Amendment, *Carlson v. Green*, 446 U.S. 14 (1980), and for gender discrimination in violation of the Fifth Amendment Due Process Clause, *Davis v. Passman*, 442 U.S. 228 (1979). The Supreme Court has made clear that expanding the *Bivens* remedy beyond these three contexts is now a decisively "disfavored" judicial activity. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *see also Goldey v. Fields*, 606 U.S. --, -- S. Ct. – (2025) (per curiam).

More specifically, the Supreme Court has never recognized a *Bivens* cause of action under the First Amendment. *Watkins v. Three Admin. Remedy Coordinators of Bureau of Prisons*, 998 F.3d 682, 686 (5th Cir. 2021) (citing *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012)). The Fifth Circuit has expressly declined to extend *Bivens* to include First Amendment retaliation claims against prison officials, and the Supreme Court has expressly rejected a First Amendment retaliation claim by federal employees. *Id.* (citing *Bush v. Lucas*, 462 U.S. 367, 368 (1983)). Furthermore, *Bivens* has never been extended to include claims against a federal district judge and the United States Marshals Service as raised here. This Court is not at liberty to

4

expand *Bivens* to the factual circumstances described in Plaintiff's pleadings. *See Goldey*, 606 U.S. --, at *2 ("For the past 45 years, this Court has consistently declined to extend *Bivens* to new contexts."). Plaintiff cannot pursue a cause of action for damages under the First Amendment for retaliation under *Bivens*.

Although it appears Plaintiff is only asserting his First Amendment claim under *Bivens* for damages, he also has failed to plead the necessary elements of a First Amendment retaliation claim generally that could entitle him to injunctive relief. To state a claim for First Amendment retaliation, Plaintiff must allege that (1) he was engaged in constitutionally protected activity; (2) Defendants' action caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) Defendants' adverse actions were substantially motivated against Plaintiff's exercise of constitutionally protected activity. *Batyukova v. Doege*, 994 F.3d 717, 730 (5th Cir. 2021). Filing a lawsuit is a constitutionally protected activity. *Wilson v. Thompson*, 593 F.2d 1375, 1387 (5th Cir. 1979) ("It is by now well established that access to the courts is protected by the First Amendment right to petition for redress of grievances."). However, the facts in Plaintiff's pleadings and of which the Court may take judicial notice foreclose any assertion by Plaintiff that he suffered an injury that would chill a person from continuing to engage in that activity.

Judge Biery's May 29, 2025 "Cease and Desist Order" ordered Plaintiff to cease and desist from sending any further emails or making any further telephone calls to the United States District Clerk's Office, San Antonio Division, and prohibiting him from physically going beyond the Court Security Officers' station and entering the District Clerk's Office. *See* Order [#20], 5:25-CV-00141-JKP-ESC. According to the Order, Plaintiff "created havoc" in the District Clerk's Office on May 27, 2025, which "prevented personnel from attending to their professional

responsibilities." The Order warned that should Plaintiff violate the order, he would be ordered to show cause why he should not be held in contempt of this Court and explained that a finding of contempt could result in monetary sanctions or jail time. However, the order does not prevent Plaintiff from filing future lawsuits or engaging in litigation activity in any of his currently pending or possible future cases. The order expressly states that Plaintiff is allowed to file whatever pleadings he wishes to file by United States Postal Service mail or by physically bringing the pleadings to the United States Courthouse to the Court Security Officers' station and that someone from the Clerk's Office would come to that location to receive the matters to be filed. Plaintiff also has been granted permission to participate in e-filing in many of his cases. By limiting Plaintiff to communicating with the United States Courthouse by mail, through the Court Security Officers' station, or by e-mail, Defendants have not chilled him from participating in litigation activity or pursuing his lawsuits in this Court.

### ii. **Due Process Violation**

Plaintiff also claims that he has been deprived of court access without a notice and a hearing and that this constitutes a violation of his right to due process under the Fifth Amendment. The Due Process Clause of the Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." Generally, individuals must receive notice and an opportunity to be heard before the Government deprives them of their life, liberty, or property. *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 48 (1993). "The right of access to the courts is basic to our system of government, and it is well established today that it is one of the fundamental rights protected by the Constitution." *Ryland v. Shapiro*, 708 F.2d 967, 971 (5th Cir. 1983). Interference with the right of access to the

courts can give rise to a due process violation. *Boddie v. Connecticut*, 401 U.S. 371, 382–83 (1971).

However, as explained above, Plaintiff has not alleged deprivation of his right of access to the courts. In fact, since Judge Biery issued his Cease and Desist Order, Plaintiff has filed multiple new lawsuits, including the instant case, and numerous filings in his existing cases. Plaintiff has not alleged that he has been deprived of meaningful access to the courts without due process, only that he is no longer permitted to physically enter the Clerk's Office in the San Antonio federal courthouse. Plaintiff has failed to state a claim for a due process violation based on the allegations in his pleadings.

### iii.     **ADA Violations**

Plaintiff's proposed Complaint also asserts a cause of action under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiff's theory of disability discrimination under Title II of the ADA is based on the following allegations (1) that he was denied court access due to a disability; (2) that the ban on in-person filing ignored his PTSD accommodation needs; (3) that the denial of his use of the restroom constituted disability discrimination; (4) that the interference of his need for a "recording accommodation" constituted disability discrimination; and (5) the failure to train the marshals on ADA compliance constituted disability discrimination. None of these theories states a plausible cause of action under Title II of the ADA.

To make out a prima facie case under Title II, a plaintiff must show (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from

participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability. *Windham v. Harris Cnty.*, 875 F.3d 229, 235 (5th Cir. 2017). As already stated, Plaintiff has not alleged that he is being excluded from any public service. He has not been denied court access. Nor has he plausibly alleged that he is being otherwise discriminated against because of his disability. Plaintiff's pleading states that he was confined to the public lobby of the courthouse on June 2, 2025, and denied access to the restroom because the Marshals were complying with Judge Biery's Cease and Desist Order, not because he had informed the Marshals of a disability cognizable under the ADA and they refused to accommodate that disability. Moreover, Plaintiff has not pleaded a cause of action under the ADA based on the denial of a requested accommodation for a known disability to use a recording device in the courthouse on June 2, 2025. Plaintiff's proposed pleading does not provide any details that could support this claim. Plaintiff has failed to state a claim under Title II of the ADA for disability discrimination.

    **iv.**     **Fourth Amendment Unlawful Seizure**

Finally, Plaintiff asserts a *Bivens* claim against the unidentified U.S. Marshals who confined him to the lobby under the Fourth Amendment. As stated with respect to Plaintiff's proposed First Amendment claim, *Bivens* has been narrowly limited to certain recognized implied causes of action. *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020). Although one of the three recognized circumstances in which a *Bivens* remedy is permitted arose under the Fourth Amendment, not all Fourth Amendment claims involving an alleged unlawful search and seizure are cognizable under *Bivens*. "Courts do not define a *Bivens* cause of action at the level of 'the Fourth Amendment' or even at the level of 'the unreasonable-searches-and-seizures clause.'"

*Cantú v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019) (quoting *FDIC v. Meyer*, 510 U.S. 471, 484 n.9 (1994)). There must be no "meaningful" difference between the context in which the *Bivens* remedy has been previously recognized and the instant case. *Id.*

The *Bivens* case itself involved officers "manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment." *Oliva*, 973 F.3d at 442 (citing *Bivens*, 403 U.S. at 389–90). Plaintiff's theory of a Fourth Amendment violation arises in an entirely different context and is therefore proposing an extension of *Bivens* beyond its recognized applications. *Id.* at 443. The undersigned does not have authority to extend *Bivens* beyond its existing scope. *Goldey*, 606 U.S. --, at *2. Plaintiff has therefore failed to state a cause of action under *Bivens*.

In summary, Plaintiff has failed to plead any plausible cause of action in his Complaint and First Amended Complaint. Accordingly, the District Court should dismiss his proposed Complaint pursuant to 28 U.S.C. § 1915(e).

## II. Order and Recommendation

**IT IS HEREBY ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

It is **recommended** that Plaintiff's Complaint be **DISMISSED** pursuant to Section 1915(e).

## III. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be

9

filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 1st day of July, 2025.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE