FILED
July 20, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ vl
                 DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MATTHEW ANDREW GARCES, | § | |
| | § | |
| *Plaintiff, Pro Se,* | § | |
| | § | |
| vs. | § | **5:25-CV-00609-OLG-ESC** |
| | § | |
| FRED BIERY, IN HIS INDIVIDUAL CAPACITY; *et. al.*, | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S RENEWED AND CONSOLIDATED MOTION FOR RECUSAL OF MAGISTRATE JUDGE ELIZABETH S. CHESTNEY PURSUANT TO 28 U.S.C. §§ 144, 455(a), and 455(b)(1)

Plaintiff MATTHEW ANDREW GARCES, proceeding *pro se*, respectfully moves this Court for the immediate recusal of Magistrate Judge Elizabeth S. Chestney from all proceedings in the above-captioned case and all related matters involving Plaintiff. Recusal is **mandatory** under federal law due to (1) Judge Chestney's status as a named defendant in Plaintiff's pending judicial misconduct lawsuit (*Garces v. Biery, et al.*, Case No. 5:25-CV-00609-OLG-ESC), and (2) a demonstrable pattern of conduct evidencing actual bias and creating an **inescapable** appearance of partiality.

# I. JURISDICTION AND LEGAL STANDARD

## Recusal is governed by 28 U.S.C. §§ 144 and 455.

1. **28 U.S.C. § 455(b)(1)** mandates disqualification where a judge "is a party to the proceeding." While *Garces v. Biery* is a separate proceeding, Judge Chestney's status as a defendant creates an inherent, irreconcilable conflict of interest requiring recusal in **all** cases involving Plaintiff. *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (bias stemming from an "extrajudicial source" is disqualifying); *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("a judge who is a defendant in a lawsuit brought by a party is properly recused from hearing that party's case").

2. **28 U.S.C. § 455(a)** requires disqualification "in any proceeding in which [a judge's] impartiality might reasonably be questioned." An objective observer, knowing Judge Chestney is being sued by Plaintiff and observing her pattern of adverse rulings, would harbor significant doubts about her impartiality. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883-87 (2009) (recusal required when "probability of actual bias...is **too high** to be constitutionally tolerable").

3. **28 U.S.C. § 144** provides a procedural mechanism for recusal based on bias or prejudice. Plaintiff's supporting affidavit (incorporated herein) satisfies the statutory requirements.

## II. STATEMENT OF FACTS COMPELLING RECUSAL

A. **Irreconcilable Conflict**: Judge Chestney is a Defendant Sued by Plaintiff

1. Plaintiff filed *Garces v. Biery, et al.*, Case No. 5:25-CV-00609-OLG-ESC, on June 3, 2025, naming Magistrate Judge Elizabeth S. Chestney as a defendant alleging specific judicial misconduct.

2. On June 21, 2025, Plaintiff filed a Motion for Recusal of Judge Chestney in **all** cases before her, including the instant case, explicitly citing her status as a defendant in 5:25-CV-00609 as grounds for mandatory disqualification under § 455(b)(1) and the appearance of partiality under § 455(a).

3. **Judge Chestney denied Plaintiff's recusal motion on June 25, 2025** (Case No. 5:25-CV-00141-JKP-ESC, Dkt. 28), without meaningfully addressing the binding precedent mandating recusal when a judge is sued by a litigant (*Rice v. McKenzie*, 581 F.2d 1114, 1116 (4th Cir. 1978); *Pilla v. Am. Bar Ass'n*, 542 F.2d 56, 59 (8th Cir. 1976); *In re Boston's Children First*, 244 F.3d 164, 168 (1st Cir. 2001)). This denial itself demonstrates bias and legal error.

4. Judge Chestney's continued exercise of judicial authority over Plaintiff – an active adversary in ongoing litigation – creates an intolerable appearance that her rulings are influenced by personal

interest in the outcome of the lawsuit against her. *See Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 825 (1986) (Due process requires "a tribunal… free of… actual bias or prejudgment").

B. Pattern of Conduct Evidencing Actual Bias and Appearance of Impropriety

Judge Chestney's actions across multiple cases involving Plaintiff reveal a pattern of dismissiveness, procedural irregularities, and retaliation inconsistent with impartiality:

1. **Systematic Denial of Recusal Motions:** Judge Chestney has denied Plaintiff's recusal motions in **seven (7) separate cases** (5:25-CV-00141-JKP-ESC, 5:25-CV-00539-OLG-ESC, 5:25-CV-00605-OLG-ESC, 5:25-CV-00609-OLG-ESC, 5:25-CV-00636-OLG-ESC, 5:25-CV-00639-XR-ESC, 5:25-CV-00685-OLG-ESC), demonstrating a refusal to acknowledge the fundamental conflict of interest.

2. **Expedited Dismissals Suggests Prejudice:** Judge Chestney has issued Report and Recommendations (R&Rs) recommending dismissal **and simultaneously ordered cases "Returned to District Court" the same day** in six (6) of Plaintiff's cases (5:25-CV-00127-FB-ESC, 5:25-CV-00539-OLG-ESC, 5:25-CV-00609-OLG-ESC, 5:25-CV-00636-OLG-ESC, 5:25-CV-00639-XR-ESC,

5:25-CV-00685-OLG-ESC). This practice:

a) **Denies Due Process:** It effectively bypasses the mandatory 14-day period for objections under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), prejudicing Plaintiff's ability to challenge her recommendations. *Smith v. Manns*, 929 F.3d 986, 988 (8th Cir. 2019); *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

b) **Suggests Predetermination**: The immediacy implies prejudgment and a lack of genuine consideration, reinforcing the appearance of bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (**deep-seated antagonism** can be shown by conduct).

3. **Retaliatory Conduct:**

a) Judge Chestney terminated Plaintiff's Petition for Writ of Mandamus seeking her recusal (filed in 5:25-CV-00141-JKP-ESC) via a **text order on July 1, 2025**, without substantive analysis, further evidencing refusal to engage with the merits of the conflict.

b) In *Garces v. Biery* (5:25-CV-00609-OLG-ESC), Judge Chestney threatened sanctions and vexatious litigant designation (June 13, 2025 Order) while Plaintiff's *in forma pauperis* status was pending, creating the appearance of retaliation for Plaintiff

      suing judicial officers and filing recusal motions. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (**retaliation** for exercising legal rights **violates due process**).

  c) Her R&R in *Garces v. Biery* (July 1, 2025) dismissed Plaintiff's claims against her, including the core allegation of her failure to recuse, while she remained assigned, constituting the **quintessential conflict**.

4. **Procedural Violations & Factual Errors:** As detailed in Plaintiff's prior Motion (5:25-CV-00685-OLG Dkt. [4]) and Objections (5:25-CV-00609 Dkt. [32]), Judge Chestney has repeatedly:

   a) Misapplied legal standards (e.g., ignoring continuing violation doctrine, misconstruing *Bivens*).

   b) Made factual errors favoring dismissal (e.g., mischaracterizing guardianship status in *Contreras*).

   c) Refused to consider amended pleadings (e.g., ignoring Fourth Amended Complaint in *Garces v. Biery*).

   d) These errors, viewed cumulatively and in the context of the conflict, support a finding of **antagonism**. *Liteky*, 510 U.S. at 555.

## III. ARGUMENT

### A. Recusal is Mandatory Under 28 U.S.C. § 455(b)(1) and (a)

1. **§ 455(b)(1):** Judge Chestney is indisputably a "party" in *Garces v. Biery*. Courts uniformly hold that a judge sued by a litigant appearing before them **must** recuse. *Taylor*, 993 F.2d at 712 ("It is clear that a judge who is a defendant in a lawsuit brought by a party is properly recused from hearing that party's case."); *Rice*, 581 F.2d at 1116; *Pilla*, 542 F.2d at 59. Her status as a defendant creates a direct, personal stake in matters before her involving Plaintiff, including rulings that could impact her defense or liability in the separate suit.

2. **§ 455(a):** The "appearance of impropriety" is overwhelming. No objective, disinterested observer, fully informed of the facts – that Plaintiff is actively suing Judge Chestney alleging misconduct related to her duties in cases she continues to oversee – could possibly believe she can be impartial. *Liljeberg*, 486 U.S. at 860. Her pattern of expedited dismissals, denial of recusal motions, and retaliatory threats only cement this appearance. *Caperton*, 556 U.S. at 886-87 (appearance of bias erodes public confidence).

### B. Judge Chestney's Pattern of Conduct Demonstrates Actual Bias Requiring Recusal

Beyond the per se conflict, Plaintiff's factual allegations and the documented pattern of conduct (same-day R&R/dismissals in 6 cases, denial of recusal in 7 cases, termination of mandamus petition, retaliatory threats) satisfy the standard for actual bias under § 144 and § 455(b)(1). *Liteky*, 510 U.S. at 555 ("[O]pinions...or prior proceedings, do not constitute a basis for a bias...motion **unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.**") (emphasis added). The systematic nature of the adverse rulings, coupled with the refusal to acknowledge the fundamental conflict, demonstrates this "deep-seated antagonism." *In re Faulkner*, 856 F.2d 716, 721 (5th Cir. 1988).

### C. Due Process is Structurally Compromised

Proceeding before a judge who is an adverse party in separate litigation initiated by the movant violates the Fifth Amendment's guarantee of due process. *Lavoie*, 475 U.S. at 825; *In re Murchison*, 349 U.S. 133, 136 (1955) ("A fair trial in a fair tribunal is a basic requirement of due process."). Every order issued by Judge Chestney while this conflict persists is **constitutionally tainted**. *Gray v. Mississippi*, 481 U.S. 648, 668 (1987) (structural error requires reversal).

### IV. REQUESTED RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court:

1. **GRANT** this Motion for Recusal;

2. **ORDER** the immediate recusal of Magistrate Judge Elizabeth S. Chestney from all pending and future proceedings in *Garces v. City of San Antonio*, Case No. 5:25-CV-00685-OLG-ESC, and **all other cases** involving Plaintiff Matthew Andrew Garces currently pending in the Western District of Texas;

3. **DIRECT** the Clerk to reassign all such cases to a Magistrate Judge outside the San Antonio Division;

4. **VACATE** all non-final orders, recommendations, and rulings issued by Magistrate Judge Chestney in the above-referenced cases involving Plaintiff since the filing of *Garces v. Biery* (5:25-CV-00609) on June 3, 2025;

5. **STAY** all proceedings before Magistrate Judge Chestney in Plaintiff's cases pending resolution of this Motion; and

6. **GRANT** any other relief this Court deems just and proper.

## V. VERIFICATION

I, **Matthew Andrew Garces**, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing facts and arguments are true and correct to the best of my knowledge, information, and belief.

**DATE:** July 20, 2025.


Respectfully submitted,

**/s/ Matthew Andrew Garces**
Matthew Andrew Garces, *Pro Se*

814 Burnet Street, Apt #3

San Antonio, TX 78202

Phone: (210) 966-3554

Email: drummajormac@gmail.com


## CERTIFICATE OF SERVICE

I hereby certify that on this July 20, 2025, a true and correct copy of the foregoing **PLAINTIFF'S RENEWED AND CONSOLIDATED MOTION FOR RECUSAL OF MAGISTRATE JUDGE ELIZABETH S. CHESTNEY** was served electronically via the Court's CM/ECF system via electronic submission for *pro s*e filers' dropbox upon all counsel of record.


**/s/ Matthew Andrew Garces**
Matthew Andrew Garces, *Pro Se*