# United States Court of Appeals
## for the Fifth Circuit

Certified as a true copy and issued as the mandate on Jul 24, 2025

Attest:
*Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

No. 25-50520

IN RE MATTHEW ANDREW GARCES,

Petitioner.

United States Court of Appeals
Fifth Circuit
**FILED**
July 24, 2025
Lyle W. Cayce
Clerk

---

Petition for Writ of Mandamus to
the United States District Court
for the Western District of Texas
USDC No. 5:25-CV-609

---

## UNPUBLISHED ORDER

Before SMITH, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:

Matthew Garces has filed a *pro se* petition for writ of mandamus and a motion requesting leave to file his mandamus petition *in forma pauperis* ("IFP"). The motion to proceed IFP is GRANTED.

Garces's mandamus petition arises out of several of the approximately 28 civil lawsuits that he has filed in 2025 in the Western District of Texas. Many of those lawsuits were referred to either Magistrate Judge Bemporad or Magistrate Judge Chestney and are in different stages of progression, with final judgments having been entered in at least 5 suits. Garces has filed motions to recuse these Magistrate Judges in many of the suits to whom they respectfully were referred as magistrate judges.

In one of his lawsuits, *Garces v. Biery*, No. 5:25-CV-609 (W.D. Tex.),

No. 25-50520

Garces filed his complaint on June 2, 2025, and named a United States district court judge, Fred Biery, as a defendant. He filed an amended complaint and added as defendants the United States Marshals Service, the Chief United States Marshal, and John Doe Marshals 1 and 2. Garces filed several more amended complaints, including a third amended complaint on June 22, 2025, that named Magistrate Judges Bemporad and Chestney as defendants.

In his mandamus petition filed on June 30, 2025, Garces maintains that, because he named Magistrate Judges Bemporad and Chestney as defendants in *Garces v. Biery*, No. 5:25-CV-609 (W.D. Tex.), they should be recused from all other cases that have been referred to them, respectively. He contends that he has filed motions to recuse Magistrate Judges Bemporad and Chestney in those cases and that those motions were either erroneously denied or have not been adjudicated. He requests this court to issue an order directing Magistrate Judges Bemporad and Chestney "to recuse themselves immediately from all pending and future cases involving" him, direct the Chief Judge of the Western District of Texas to "reassign all cases currently assigned to . . . Judges Bemporad or Chesney involving" him, and issue a "temporary stay of all further proceedings in [his] cases currently pending before . . . Judges Bemporad and Chestney."

"Mandamus is an extraordinary remedy that should be granted only in the clearest and most compelling cases." *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987). A party seeking mandamus relief must show both that he has no other adequate means to obtain the requested relief and that he has a "clear and indisputable" right to the writ. *Id.* (internal quotation marks and citation omitted).

A party may seek review of a recusal ruling by way of a mandamus petition. *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997); *In re Corrugated Container Antitrust Litig. Steering Comm. v. Mead Corp.*, 614 F.2d

2

No. 25-50520

958, 961 n.4 (5th Cir. 1980). However, as to Garces's recusal motions that have not been decided, there is nothing for us to review. As to his complaint that various recusal motions have not been decided, because his recusal motions were filed on or about June 20, 2025, there is no inordinate delay in the adjudication of them. *See Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661-62 (1978).

Furthermore, to the extent that Garces complains about Magistrate Judge Chestney's denial of his recusal motion in *Garces v. Biery*, No. 5:25-CV-609 (W.D. Tex.), his appropriate remedy was to appeal the denial of his motion to the district court within 14 days of Magistrate Judge Chestney's order, which was entered on June 26, 2025. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(a). However, he failed to do so. He is not entitled to mandamus relief just because he failed to pursue remedies that were available to him. *See In re Willy*, 831 F.2d at 549. As to his theory that Magistrate Judge Chestney was required to recuse herself under 28 U.S.C. § 455(b)(5)(i), because his third amended complaint named her as a defendant, the record does not reflect that Garces either sought or received leave of court or the consent of all opposing parties to amend. *See* FED. R. CIV. P. 15(a)(1), (2). Thus, Garces's argument that recusal was required because Magistrate Judge Chestney is a defendant in *Garces v. Biery*, No. 5:25-CV-609 (W.D. Tex.), is based on a faulty premise.

Additionally, as to Garces's arguments that Magistrate Judges Bemporad and Chestney should be recused in the myriad of his other lawsuits to which they have respectively been referred, the asserted basis for recusal is built on the premise that they are now defendants in *Garces v. Biery*, No. 5:25-CV-609 (W.D. Tex.). However, under the statutes governing recusal, 28 U.S.C. § 144 and § 455, bias warranting disqualification must be personal rather than judicial. *United States v. Scroggins*, 485 F.3d 824, 829-30 & n.19 (5th Cir. 2007). Garces fails to point to rulings that "reveal an opinion based

3

No. 25-50520

on an extrajudicial source" or "demonstrate such a high degree of antagonism as to make fair judgment impossible." *Id.* at 830. He has not provided support for any allegations of judicial bias or demonstrated a "clear and indisputable right" to a writ of mandamus compelling recusal or the reassignment of his pending lawsuits to a different magistrate judge. *In re Willy*, 831 F.2d at 849 (internal quotation marks and citation omitted).

Finally, to the extent that Garces complains of Magistrate Judge Bemporad's or Magistrate Judge Chestney's handling of his cases, any complaints should be directed to the assigned district court judge. In expanding the duties of magistrate judges under § 636(b), "Congress made clear that . . . the magistrate [judge] acts subsidiary to and only in aid of the district court. Thereafter, the entire process takes place under the district court's total control and jurisdiction." *United States v. Raddatz*, 447 U.S. 667, 681 (1980). Thus, this court neither monitors nor supervises the work of United States magistrate judges to whom cases are referred under § 636(b).

The petition for a writ of mandamus is DENIED. Garces's request for a stay pending resolution of his petition is DENIED as moot.