Case 5:25-cv-00609-OLG   Document 40   Filed 08/10/25   Page 1 of 8

FILED
August 10, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____vl_____
               DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MATTHEW ANDREW GARCES,** § | |
| § | |
| *Plaintiff, Pro Se,* § | |
| § | |
| v. § | |
| § | |
| **SAMUEL FRED BIERY, HENRY** § | Case No. 5:25-CV-00609-OLG-ESC |
| **J. BEMPORAD, ELIZABETH S.** § | |
| **CHESTNEY, ORLANDO L.** § | |
| **GARCIA, JASON K. PULLIAM,** § | |
| **ALFREDO TAVERA,** § | |
| § | |
| *Defendants.* § | |

## PRO SE LITIGANT'S OBJECTION TO JUDGE GARCIA'S ORDER AND MOTION TO ALTER OR AMEND JUDGMENT UNDER FRCP 59(e)

### I. INTRODUCTION

Plaintiff **Matthew Andrew Garces**, *pro se*, files this Objection and Motion to Alter or Amend Judgment under **Fed. R. Civ. P. 59(e)**, challenging Judge Orlando L. Garcia's Order (ECF #38) overruling objections, adopting Magistrate Judge Elizabeth S. Chestney's Report and Recommendation ("R&R"), and dismissing this case with prejudice. The Order violates due process, ignores judicial bias under **28 U.S.C. § 455(a)**, and contravenes binding precedent requiring de novo review. Incorporation of all prior pleadings, the Fourth Amended Complaint, and new evidence of judicial retaliation (*Garces v. Univ. Hosp.,* ECF

14; *Garces v. SAPD*, ECF 28) is demanded.

## II. LEGAL STANDARD FOR RULE 59(e) RELIEF

Rule 59(e) permits amendment to correct "manifest errors of law or fact" or address new evidence. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Relief is warranted where, as here, the judgment:

(1) **Ignores** statutory mandates (**Tex. Prop. Code § 24.0053(c)**);

(2) **Fails** to address undisputed evidence of judicial bias;

(3) **Violates** due process by rubber-stamping a biased R&R. *See Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

## III. STATEMENT OF FACTS & NEW EVIDENCE

A. **Magistrate Chestney's Conflict of Interest**: The R&R was issued while Magistrate Chestney was a defendant in this suit (Fourth Amended Complaint ¶¶ 89–94), creating an impermissible conflict under § 455(a). *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988) (disqualification required where impartiality "might reasonably be questioned").

B. **Retaliatory Judicial Conduct**: Post-filing acceleration of adverse rulings in related cases (e.g., dismissal recommendations within 72 hours vs. FRCP 72(b)(2)'s 14-day window) confirms bias. ***See Order in Garces v. Univ. Hosp.* (5:25-**

**CV-580, ECF 14)** (threatening sanctions for recusal motions).

C. **State Court's Violation of Tex. Prop. Code § 24.0053(c)**: Judge Tavera's eviction order (July 28, 2025) ignored unrebutted indigency evidence (Sworn Affidavit, July 23, 2025), violating state law and due process. *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972).

## IV. ARGUMENT

### A. JUDGE GARCIA'S FAILURE TO CONDUCT DE NOVO REVIEW VIOLATES 28 U.S.C. § 636(b)(1)

The Order summarily overruled objections without addressing:

1. **Magistrate Chestney's Disqualification Requirement**: A judicial officer must recuse when sued by a litigant. *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("[P]articipation in a case in which judge is a defendant is improper").

2. **Evidence of Retaliatory R&R Timing**: The R&R was issued 3 days after Plaintiff sued Judge Biery (a colleague), violating due process. *Taylor v. Hayes*, 418 U.S. 488, 501 (1974) (bias shown by "adversarial conduct").

3. **Binding Precedent**: De novo review requires "independent consideration of factual issues." *Jefferson v. Gusman*, 49 F.4th 381, 386 (5th Cir. 2022). Silence on these issues is **reversible error**.

## B. DISMISSAL WITH PREJUDICE IGNORES TEX. PROP. CODE § 24.0053(c) AND EQUAL PROTECTION

1. **State Law Violation**: The Complaint alleged state court violations of § 24.0053(c) (indigency exemption from eviction). Dismissal ignored that these claims are cognizable under *Ex parte Young*, 209 U.S. 123 (1908), to enjoin unconstitutional state acts. *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016).

2. **Equal Protection/ADA Violations**: Eviction of a disabled indigent (Declaration, ECF #32) destroys ADA-mandated housing accommodations, stating claims under *Wisconsin Cmty. Servs. v. City of Milwaukee*, 465 F.3d 737, 753 (7th Cir. 2006).

## C. JUDICIAL BIAS AND RETALIATION RENDER THE ORDER VOID

1. **Magistrate Chestney's § 455(a) Violation**: Suing a magistrate creates "objective doubt" about impartiality. *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003). The R&R is void *ab initio*.

2. **Retaliatory Pattern**: Judge Pulliam's sanctions threats in related cases (ECF 14, 28) for seeking recusal compound due process violations. *In re McDonald*, 489 U.S. 180, 186 (1989) (sanctions chilling access to courts are unconstitutional).

## D. NEW EVIDENCE OF IRREPARABLE HARM

1. **Medical Emergency**: Eviction (scheduled August 1, 2025) will cancel life-saving spinal surgeries (Declaration ¶ 1), causing irreparable injury under *Frame v. City of Arlington*, 657 F.3d 215, 241 (5th Cir. 2011).

2. **Mootness Risk**: Homelessness would moot claims. *Goldin v. Bartholow*, 166 F.3d 710, 715 (5th Cir. 1999).

## V. PRAYER FOR RELIEF

Plaintiff requests:

1. **Vacate** Judge Garcia's Order (ECF #38) under **Rule 59(e)**.

2. **Reject** the R&R and disqualify Magistrate Chestney under **28 U.S.C. § 455(a)**.

3. **Reinstate** the Fourth Amended Complaint.

4. **Enjoin** state eviction proceedings under *Younger*'s bad-faith exception. *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975).

5. **Refer** all judicial officers to the Fifth Circuit Judicial Council for misconduct investigation.

## VI. VERIFICATION

I, **Matthew Andrew Garces**, declare under penalty of perjury pursuant to **28 U.S.C. § 1746** that the foregoing is true and correct.


**DATED:** August 10, 2025.

Respectfully submitted,

**/s/ Matthew Garces**
Matthew A. Garces, RN, CEO, *Pro Se*
814 Burnet Street, Apt #3
San Antonio, TX 78202
Phone: (210) 966-3554
Email: drummajormac@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on **August 10, 2025**, a true and correct copy of this **PRO SE LITIGANT'S OBJECTION TO JUDGE GARCIA'S ORDER AND MOTION TO ALTER OR AMEND JUDGMENT UNDER FRCP 59(e)** was served via the Court's CM/ECF system upon all parties registered to receive electronic notice in this case.

Respectfully submitted,

**/s/ Matthew Garces**
Matthew A. Garces, RN, CEO, *Pro Se*

FILED
July 30, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MATTHEW ANDREW GARCES, §
 §
Plaintiff, §
 §
v. §  CIVIL NO. SA-25-CV-609-OLG
 §
FRED BIERY et al., §
 §
Defendants. §

# ORDER

The Court has considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation (the "Report") (Dkt. No. 27), filed on July 1, 2025. Plaintiff Matthew Andrew Garces filed objections (the "Objections") (Dkt. No. 33) to the Report.

When a party objects to a magistrate judge's report and recommendation, the district court must conduct a de novo review as to those portions of the report and recommendation to which an objection is made. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Frivolous, conclusory, or general objections need not be considered by the district court. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Any portions of the magistrate judge's finding or recommendation that were not objected to are reviewed for clear error. *Wilson*, 864 F.2d at 1221.

The Court has conducted a de novo review of those portions of the Report subject to the Objections and is of the opinion that the Report is correct, and that the Objections are without merit as to Judge Chestney's ultimate findings. Accordingly, the Objections (Dkt. No. 33) are **OVERRULED**, the Report (Dkt. No. 27) is **ACCEPTED** and, for the reasons set forth therein, Plaintiff's claims are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e).

This case is **CLOSED**.

IT IS SO ORDERED.

SIGNED this 30 day of July, 2025.

                                                                           ORLANDO L. GARCIA
                                                                           United States District Judge