Case 5:25-cv-00609-OLG   Document 46   Filed 08/26/25   Page 1 of 7

FILED
August 26, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____vl_____
                DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MATTHEW ANDREW GARCES,** | § | |
| | § | |
| Plaintiff, *Pro Se*, | § | |
| | § | |
| v. | § | CASE NO.: 5:25-CV-609-OLG |
| | § | |
| **CITY OF SAN ANTONIO,** *et al.*, | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION OF SANCTIONS ORDER (DKT. TBD) AND MOTION FOR RECUSAL OF CHIEF JUDGE GARCIA**

**TO THE HONORABLE CHIEF JUDGE ORLANDO L. GARCIA:**

**COMES NOW** MATTHEW ANDREW GARCES, "Plaintiff, *Pro Se*, and files this Emergency Motion for Reconsideration of the Court's Sanctions Order (Dkt. #40) entered on August 26, 2025. In support thereof, Plaintiff would show the Court the following:

### I.     INTRODUCTION

I respectfully move this Court to reconsider its Order imposing a $500 sanction and a filing ban. This Motion is necessitated by the Court's imposition of its most severe sanction without providing the requisite due process, particularly to an indigent, disabled litigant who saught a medical stay from this Court at the time

the Show Cause Order was issued. The Order, entered without a hearing and while Plaintiff's Motion for Stay was denied, creates a deprivation of property and access to the courts that violates the Fifth and Fourteenth Amendments, the Americans with Disabilities Act, and binding Fifth Circuit precedent governing pre-filing injunctions.

## II.    LEGAL ARGUMENT

### A. THE SANCTIONS ORDER WAS ENTERED IN VIOLATION OF DUE PROCESS

The Fifth Amendment guarantees that no person shall be "deprived of life, liberty, or property, without due process of law." **U.S. CONST. amend. V**. The Supreme Court has held that due process requires "notice and an opportunity to be heard" at a meaningful time and in a meaningful manner. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985).

1. **Lack of Meaningful Opportunity to Be Heard:** The Court's Show Cause Order did not provide a meaningful opportunity for Plaintiff to respond. The Order was issued while I am actively recovering from a major right hand surgery. The Court denied my motion for stay due to this medical emergency and issued the sanctions order, thereby adjudicating my conduct without allowing me to be heard on the specific issue of sanctions, especially in light of my documented medical

condition (PTSD) and recent major surgery. This process was fundamentally unfair. *See In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).

    2. **Violation of the Americans with Disabilities Act:** The Court was on notice of my status as an indigent individual with a documented disability (PTSD) and recent major surgery. By denying a reasonable accommodation in the form of a brief stay and then immediately levying a financial sanction that is impossible for Plaintiff to pay at this time, the Court has effectively barred my access to the justice system. This action violates the ADA's prohibition against discrimination by a public entity. **42 U.S.C. § 12132.** The filing ban, contingent on payment of an insurmountable fine, is a discriminatory condition placed upon a disabled litigant's access to the courts.

## B. THE SANCTION CONSTITUTES AN UNLAWFUL PRE-FILING INJUNCTION

    The $500 fine coupled with a filing ban is a **de facto** pre-filing injunction, the most severe sanction a court can impose. The Fifth Circuit has established strict procedural requirements for such injunctions, which were not followed here.

    1. **Requirement of an Evidentiary Hearing:** The Fifth Circuit mandates that a district court must hold an evidentiary hearing before imposing a pre-filing injunction. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).

This hearing is necessary to document the litigant's history of filings and to consider less restrictive alternatives. **No such hearing was held.**

2. **Requirement of Specific Findings:** The court must make "specific findings" that "(1) the litigant's lengthy and abusive history is set forth; (2) the court provided guidelines to define the plaintiff's future abusive filings; and (3) the litigant was given notice and an opportunity to oppose the order before it was entered." *Dodd v. Hood*, 652 F. App'x 274, 275 (5th Cir. 2016) (per curiam). The Court's Order, which cites prior warnings from a different court and a different case, does not meet this standard. The warnings referenced were not from this Court in **this** case and thus cannot form the basis for this sanction.

## C. THE SANCTION IMPERMISSIBLY INFRINGES ON THE RIGHT TO PETITION

The First Amendment protects the right to petition the government for redress of grievances. *Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983). The sanctioned filings—including a Motion for Subpoena for critical, withheld evidence and a Motion for Recusal based on a clear statutory mandate (**28 U.S.C. § 455(b)(5)(i)**)—are core petitioning activity. Sanctioning a litigant for pursuing non-frivolous legal arguments chills this fundamental right and is improper.

### III. MOTION FOR RECUSAL

Pursuant to **28 U.S.C. § 455(a)**, I move for the recusal of Chief Judge Orlando L. Garcia. A judge must recuse himself in any proceeding where his impartiality might reasonably be questioned.

A reasonable, well-informed observer, aware of the following facts, would question the Court's impartiality:

1. The Court sanctioned me immediately after I filed a lawsuit against another judicial officer of this court (*Garces v. Biery, et al.*, No. 5:25-CV-609).

2. The Court sanctioned me for, among other things, seeking the recusal of a magistrate judge in this case.

3. The Court entered this severe sanction without a hearing, simultaneously denying my request for a medical stay, thereby creating an appearance of antagonism towards a disabled, pro se litigant.

This sequence of events gives rise to a reasonable perception of a retaliatory motive or a bias in favor of protecting a judicial colleague, requiring recusal to preserve the integrity of these proceedings. *Liteky v. United States*, 510 U.S. 540, 555 (1994); **See also Code of Conduct for U.S. Judges, Canon 2**.

### IV. PRAYER FOR RELIEF

WHEREFORE, I respectfully pray that the Court:

1. **VACATE** the Sanctions Order (Dkt. #40) in its entirety.

2. **GRANT** an evidentiary hearing on the issue of sanctions, should the Court wish to pursue them, to allow me to present evidence of my indigency, medical condition, and the non-frivolous nature of the motions that were sanctioned.

3. **GRANT** the Motion for Recusal and reassign this matter to another impartial district judge.

4. **GRANT** such other and further relief to which I may be justly entitled.

DATE: **August 26, 2025**

Respectfully submitted,

/s/ Matthew A. Garces
**MATTHEW A. GARCES,** *Pro Se*
5150 Broadway, PMB 476
San Antonio, TX 78209-5710
Phone: (210) 966-3554
Email: Matthew.Garces@DDGRevenueRecoveryLLC.com

## CERTIFICATE OF SERVICE

I hereby certify that on this **26th** day of **August, 2025**, a true and correct copy of the foregoing motion was served via the Court's CM/ECF system on all counsel of record.

Respectfully submitted,

/s/ Matthew A. Garces
**MATTHEW A. GARCES,** *Pro Se*